[676 NYS2d 502]

In the Matter of CORNELL D.M.J. CORNISH (Admitted as CORNELL D. CORNISH), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, August 17, 1998

### APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr.*, Syosset (*Ruthann E. Geary* of counsel), for petitioner.

*Cornell D.M.J. Cornish*, Washington, D.C., respondent *pro se*.

### OPINION OF THE COURT

Per Curiam.

By order of the Court of Appeals of Maryland dated December

4, 1995, the respondent was placed on inactive status and his name was removed from the register of attorneys in that court.

The respondent was served with notice pursuant to 22 NYCRR 691.3, informing him of his right to interpose certain enumerated defenses to the imposition of reciprocal discipline in New York. The respondent requested a hearing and raised the three defenses to the imposition of reciprocal discipline found in 22 NYCRR 691.3. By decision and order on motion of this Court dated March 16, 1998, the Grievance Committee's motion was held in abeyance and the matter was referred to the Honorable Moses M. Weinstein, as Special Referee, for a hearing. The hearing was held on April 23, 1998.

The Special Referee found that the respondent failed to establish any of the defenses to the imposition of reciprocal discipline found in 22 NYCRR 691.3. The Grievance Committee now moves to confirm the Special Referee's report. The respondent cross-moves to disaffirm the Special Referee's report, to dismiss the disciplinary proceeding against him, for summary judgment, and for a new trial.

Based on the evidence adduced at the hearing, we conclude that the Special Referee's determination was proper.

Under the circumstances of this case, the respondent is suspended from the practice of law for a period of five years, and his reinstatement to the New York State Bar is conditioned on his reinstatement to the practice of law in Maryland.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and PIZZUTO, JJ., concur.

Ordered that the petitioner's motions are granted; and it is further,

Ordered that the respondent's cross motion is denied; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, the respondent, Cornell D.M.J. Cornish, is suspended from the practice of law in New York for a period of five years, commencing September 17, 1998, and continuing until further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of five years, upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22

NYCRR 691.10), (c) that he has otherwise properly conducted himself, and (d) that he has been reinstated to the practice of law in Maryland; and it is further,

Ordered that the respondent shall promptly comply with this Court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension, the respondent, Cornell D.M.J. Cornish, is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.

Motion by the respondent (1) for summary judgment or a new trial, (2) to strike the petitioner's affirmation in opposition to his cross motion, *inter alia*, to disaffirm the Special Referee's report, and (3) to correct and amend the minutes of the hearing before the Special Referee. By letter to the Office of Court Administration dated May 29, 1998, which was forwarded to this Court, the respondent requests (1) a certificate of good standing and (2) authorization to perform marriages in the Village of Belle Terre as a retired Justice of the Unified Court System. By opinion and order of this Court decided herewith, the respondent was suspended from the practice of law for a period of five years.

Upon the papers submitted in support of the motion, and no papers having been submitted in opposition or response thereto, it is

Ordered that the motion is denied in its entirety; and it is further,

Ordered that the respondent's request for a certificate of good standing is denied; and it is further,

Ordered that the respondent is directed to reapply directly to the Office of Court Administration with respect to his application for authorization to perform marriages in the Village of Belle Terre.